**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 4:15-CR-00109-ALM** |
| **v.** | § | |
| | § | |
| | § | |
| **MICHAEL GLEN LEE (3),** | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 2, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Glen Lee. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class B felony. This offense carried statutory maximum imprisonment terms of 40 years. The guideline imprisonment range, based on total offense level of 28 and criminal history category of II, was 87 to 108 months. On April 6, 2016, U.S. District Judge Marcia A. Crone sentenced Defendant to 87 months imprisonment, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, obtain GED, mental health treatment, and $100 special assessment. On November 10, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On May 26, 2020, this case was reassigned to Judge Mazzant.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release when he tested positive for the use of marijuana and methamphetamine on November 15, 2022, December 20, 2022, and February 13, 2023. The government submits that Fifth Circuit case law permits the court to find that illicit drug use constitutes possession.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of controlled substances as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow. The government recommended a single day upward departure so that Defendant may receive any good time credit that he may be eligible for.

The court therefore **RECOMMENDS** that Defendant Michael Glen Lee's plea of true be accepted and he be sentenced to 12 months and 1 day imprisonment with no supervised release to follow. The court finds this single day upward departure warranted as Defendant may be able to receive good time credit. The court further **RECOMMENDS** that Defendant serve his sentence at

FCI Seagoville, Texas, if available. The parties waived their right to objections so this matter shall

be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 3rd day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE